# CWB

## CLEVELAND, WATERS AND BASS, P.A.
ATTORNEYS AT LAW

JEFFREY C. CHRISTENSEN, ESQUIRE
(603) 224-7761 EXT. 1070
(603) 224-6457 FACSIMILE
CHRISTENSENJ@CWBPA.COM

TWO CAPITAL PLAZA, P.O. BOX 1137
CONCORD, NEW HAMPSHIRE 03302-1137

July 13, 2021

<u>*Via Certified Mail #7020 0640 0000 7289 7695*</u>

Civil Process Clerk
United States Attorney's Office
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, NH 03301

  Re: <u>Pepperidge Woods Cooperative, Inc. v. U.S. Department of Agriculture,
     Rural Housing Service; New Hampshire Community Loan Fund, Inc.;
     Town of Barrington, New Hampshire; and Mary Carlson</u>
     Case No. 2189-2021-CV-00191

To Whom This May Concern:

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, for service upon the U.S. Department of Agriculture, Rural Housing Service, enclosed please find two copies of a Summons in a Civil Action, Notice to Defendant, and Complaint, in the above-referenced matter.

                 Sincerely,

                 Jeffrey C. Christensen

JCC/lmg
Enclosures

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



## SUMMONS IN A CIVIL ACTION

Case Name: **Pepperidge Woods Cooperative, Inc. v U.S. Department of Agriculture, Rural Housing Service, et al**
Case Number: **219-2021-CV-00191**

Date Complaint Filed: June 21, 2021

A Complaint has been filed against Mary Carlson; New Hampshire Community Loan Fund, Inc.; Town of Barrington, New Hampshire; U.S. Department of Agriculture, Rural Housing Service in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| August 08, 2021 | Pepperidge Woods Cooperative, Inc. shall have this Summons and the attached Complaint served upon New Hampshire Community Loan Fund, Inc.; Town of Barrington, New Hampshire; U.S. Department of Agriculture, Rural Housing Service by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 29, 2021 | Pepperidge Woods Cooperative, Inc. shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | New Hampshire Community Loan Fund, Inc.; Town of Barrington, New Hampshire; U.S. Department of Agriculture, Rural Housing Service must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to New Hampshire Community Loan Fund, Inc.; Town of Barrington, New Hampshire; U.S. Department of Agriculture, Rural Housing Service:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Jeffrey Cotter Christensen, ESQ | Cleveland Waters and Bass PA Two Capital Plaza 5th Floor PO Box 1137 Concord NH 03302-1137 |
| U.S. Department of Agriculture, Rural Housing Service | 4300 Goodfellow Blvd #105C St Louis MO 63120 |
| New Hampshire Community Loan Fund, Inc. | 7 Wall Street Concord NH 03301 |
| Town of Barrington, New | 333 Calef Highway Barrington NH 03825 |

Hampshire
Mary Carlson

100 Nuthatch Loop Barrington NH 03825

BY ORDER OF THE COURT

June 24, 2021

Kimberly T. Myers
Clerk of Court

(277)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court  
259 County Farm Road, Suite 301  
Dover NH  03820

Telephone: 1-855-212-1234  
TTY/TDD Relay: (800) 735-2964  
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **Pepperidge Woods Cooperative, Inc. v U.S. Department of Agriculture,**  
Case Number: **219-2021-CV-00191**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Strafford Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Strafford Superior Court** as the location.
3. Select "I am filing into an existing case". Enter **219-2021-CV-00191** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS.                                                                  SUPERIOR COURT
                                                    DOCKET NO.: 219-2021-CV-00191

PEPPERIDGE WOODS COOPERATIVE, INC.

v.

U.S. DEPARTMENT OF AGRICULTURE, RURAL HOUSING SERVICE;
NEW HAMPSHIRE COMMUNITY LOAN FUND, INC.;
TOWN OF BARRINGTON, NEW HAMPSHIRE;
and
MARY CARLSON

### INTERPLEADER COMPLAINT

NOW COMES the Plaintiff, Pepperidge Woods Cooperative, Inc. (the "Coop" or the "Plaintiff"), by and through its attorneys, Cleveland, Waters and Bass, P.A., and brings this interpleader action, in connection with funds claimed by the Defendants, U.S. Department of Agriculture/Rural Housing Service; New Hampshire Community Loan Fund, Inc., and the Town of Barrington, New Hampshire (collectively, the "Lienholders") and Mary Carlson (the "Debtor") and, collectively with the Lienholders, the "Defendants" as follows:

**Preliminary Statement**

1.       This interpleader matter arises in connection with the foreclosure, pursuant to RSA 205-A:4-a, of a certain manufactured home located at 100 Nuthatch Loop in Barrington, New Hampshire (the "Home"), previously owned by the Debtor, which was located on land owned by the Coop, pursuant to an occupancy agreement. The foreclosure proceeds exceed the lien held by the Coop, including, but not limited to, the costs of the foreclosure, and those funds (the "Surplus Funds") are now held by the Coop's attorneys and may be subject to claims by the Defendants.

1

Because the Coop cannot determine with certainty who is entitled to claim some or all of the Surplus Funds, the Coop brings this action for interpleader.

## Parties

2. The Plaintiff, the Coop, is a manufactured housing cooperative organized and operating under the laws of New Hampshire with a principal place of business at 73 Pheasant Lane, in Barrington, New Hampshire, and a mailing address of c/o Hodges Development Corp., 201 Loudon Road, Concord, New Hampshire 03301.

3. The Defendant, U.S. Department of Agriculture/Rural Housing Service, is a governmental organization, with a mailing address of 4300 Goodfellow Blvd., #105C, St. Louis, MO 63120.

4. The Defendant, New Hampshire Community Loan Fund, Inc., is a New Hampshire nonprofit corporation, with a principal place of business at 7 Wall Street in Concord, New Hampshire 03301.

5. The Defendant, the Town of Barrington, New Hampshire, is a municipal entity with a principal place of business at 333 Calef Highway, in Barrington, New Hampshire.

6. The Defendant, Mary Carlson, is an individual with a last known address of 100 Nuthatch Loop, in Barrington, New Hampshire.

## Jurisdiction and Venue

7. Jurisdiction is proper in the New Hampshire Superior Court, pursuant to RSA 491:7; RSA 491:22, and RSA 498:1.

8. Venue is proper in Grafton County, pursuant to RSA 507:9 and RSA 498:1, because the Plaintiff has a principal place of business in Strafford County, and this matter arises out of real property located in Strafford County.

**Facts Common to All Counts**

9. The Coop owns and operates a manufactured housing park, known as Pepperidge Woods (the "Park").

10. While the Home was owned by the Debtor, it was located in the Park, pursuant to an occupancy agreement and subject to monthly lot rent.

11. The Debtor was eventually evicted from and/or abandoned the Home, pursuant to RSA 205-A:4-a and RSA ch. 540.

12. Following the eviction, the Debtor failed to remove the Home from the Park and failed to pay the lot rent owed.

13. Accordingly, the Coop enjoyed a priority lien against the Home, pursuant to RSA 205-A:4-a, VII.

14. Consequently, pursuant to RSA 205-A:4-a, VII, the Coop commenced a foreclosure sale of the Home.

15. The foreclosure sale was properly noticed, and an auction was held on October 20, 2020, where the Home was sold to the highest bidder. The closing of the sale occurred on November 20, 2020.

16. After satisfying its lien, including, but not limited to, the costs of the foreclosure sale itself, out of the proceeds of the sale, there remained a surplus in the amount of $56,800.83, *i.e.*, the Surplus Funds.

17. Each of the Lienholders has or may have recorded a lien or other claim against the Home, which was subordinate to the Coop's lien.

## Count I – Interpleader

18. The Plaintiff repeats and incorporates by reference all of the facts stated in the above paragraphs as if set forth fully herein.

19. As escrow agent for the foreclosure sale, Cleveland, Waters and Bass, P.A., is holding the Surplus Funds.

20. Each of the Defendants may have a claim against the Surplus Funds.

21. The Coop cannot conclusively determine which of the Defendants' claims is valid and enforceable against the Surplus Funds, or the value of said claims.

22. The Coop disclaims any interest in the Surplus Funds.

23. The Coop may suffer liability or loss if it fails to dispose of the Surplus Funds to the rightful claimants or delivers the incorrect amount to the rightful claimants.

24. Accordingly, the Plaintiff brings this interpleader action to put the Surplus Funds in the custody of the Court and require that the Defendants submit their respective claims to the Surplus Funds as against each other in this action.

25. The Plaintiff is not filing this interpleader action to hinder a just claimant from obtaining its rightful property. Each of the Defendants appears to have a legitimate claim to the Surplus Funds. The Coop has a reasonable basis for being unable to determine the merits of the respective Defendants' claims.

26. As a result, the Plaintiff seeks an order of this Court, allowing the Surplus funds to be deposited into the custody of the Court, and requiring the Defendants to pursue their respective claims or right to the Surplus Funds through this action.

27. The Plaintiff further seeks an award of its attorneys' fees and costs, incurred as a result of bringing this interpleader action. See Manchester Fed. Sav. & Loan Ass'n v. Emery-Waterhouse Co., 102 N.H. 233, 239 (1959).

**Reservation of Rights**

28. The Plaintiff hereby reserves the right to amend this Complaint, as future developments may warrant.

WHEREFORE, based on the foregoing, the Plaintiff hereby respectfully requests that this Honorable Court:

A. Issue orders of notice for service upon the Defendants;

B. Issue an order requiring the Surplus Funds to be deposited into the Court;

C. Issue an order requiring the Defendants to interplead and settle among themselves their rights and claims to the Surplus Funds, and discharging the Plaintiff and Cleveland, Waters, and Bass, P.A., of all liability;

D. Award the Plaintiff its attorneys' fees and costs, incurred in bringing this interpleader action; and

E. Grant such other and further relief as justice may require.

Prayers A and B are Granted, funds may be deposited into COurt. Prayer C is granted to the extent that the parties are ordered to litigate how the funds should be divided in this case. However, the Court cannot - at this point - rule on whether to allow the discharge of plaintiff or counsel from the case.

Dated: June 21, 2021

Honorable David W. Ruoff
June 23, 2021

**Clerk's Notice of Decision
Document Sent to Parties
on** 06/24/2021

Respectfully submitted,

PEPPERIDGE WOODS COOPERATIVE, INC.

By its Attorneys
CLEVELAND, WATERS AND BASS, P.A.

By: /s/ Jeffrey C. Christensen
Jeffrey C. Christensen, Esq. (NH Bar #265308)
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
christensenj@cwbpa.com

4847-9771-2867, v. 1

5

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS.                                                          SUPERIOR COURT
                                                    DOCKET NO.: 219-2021-CV-00191

**Granted**

*[signature]*

Honorable David W. Ruoff

July 7, 2021

Clerk's Notice of Decision
Document Sent to Parties
on 07/08/2021

PEPPERIDGE WOODS COOPERATIVE, INC.

v.

U.S. DEPARTMENT OF AGRICULTURE, RURAL HOUSING SERVICE;
NEW HAMPSHIRE COMMUNITY LOAN FUND, INC.;
TOWN OF BARRINGTON, NEW HAMPSHIRE;
and
MARY CARLSON

## MOTION TO AMEND COMPLAINT

NOW COMES the Plaintiff, Pepperidge Woods Cooperative, Inc. (the "Coop" or the "Plaintiff"), by and through its attorneys, Cleveland, Waters and Bass, P.A., and hereby moves to amend the Interpleader Complaint in the above-captioned matter to correct a clerical error:

1.  This in an interpleader matter arising in connection with the foreclosure, pursuant to RSA 205-A:4-a, of a certain manufactured home (the "Home"), previously owned by the Debtor, which was located on land owned by the Coop, pursuant to an occupancy agreement. The foreclosure proceeds exceed the lien held by the Coop, including, but not limited to, the costs of the foreclosure, and those funds (the "Surplus Funds") are now held by the Coop's attorneys and may be subject to claims by the Defendants in this action.

2.  In the original Interpleader Complaint, the Plaintiff mistakenly stated that the amount of the Surplus Funds was $56,800.83. See Interpleader Complaint, ¶16.

3.  After the Court accepted the Interpleader Complaint, it instructed the Plaintiff to submit the Surplus Funds to the Court. In doing so, it was discovered that the amount stated in the Interpleader Complaint was erroneous, and the Surplus Funds actually total $57,292.45.

4. Accordingly, the Plaintiff seeks to amend the Interpleader Complaint to provide the correct amount. An Amended Interpleader Complaint is filed contemporaneously herewith.

5. "[L]iberal amendment of pleadings" is generally permitted "unless the changes surprise the opposite party, introduce an entirely new cause of action, or call for substantially different evidence." Bel Air Assoc. v. N.H. Dept. of Health and Human Svcs., 154 N.H. 228, 236 (2006) (citation omitted).

6. The Plaintiff's Amended Interpleader Complaint merely corrects a clerical error and does not prejudice any party. No Defendant has yet appeared in this matter.

7. The correct amount of the Surplus Funds has already been provided to the Court.

WHEREFORE, the Plaintiff hereby respectfully requests that this Honorable Court:

A. Grant this motion and allow the Plaintiff to amend its Interpleader Complaint;

B. Replace Plaintiff's Interpleader Complaint with the Amended Interpleader Complaint filed contemporaneously herewith; and

C. Grant such other and further relief as justice may require.

Respectfully submitted,

Pepperidge Woods Cooperative, Inc.

By its Attorneys
CLEVELAND, WATERS AND BASS, P.A.

Dated: July 6, 2021

By: /s/ Jeffrey C. Christensen
Jeffrey C. Christensen, Esq. (NH Bar #265308)
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
christensenj@cwbpa.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded this day to the Defendants in this matter, none of whom have yet appeared, at their last known addresses.

/s/ Jeffrey C. Christensen
Jeffrey C. Christensen

4842-8764-4913, v. 1

THE STATE OF NEW HAMPSHIRE

STRAFFORD, SS.                                                             SUPERIOR COURT
                                                          DOCKET NO.: 219-2021-CV-00191

PEPPERIDGE WOODS COOPERATIVE, INC.

v.

U.S. DEPARTMENT OF AGRICULTURE, RURAL HOUSING SERVICE;
NEW HAMPSHIRE COMMUNITY LOAN FUND, INC.;
TOWN OF BARRINGTON, NEW HAMPSHIRE;
and
MARY CARLSON

## AMENDED INTERPLEADER COMPLAINT

NOW COMES the Plaintiff, Pepperidge Woods Cooperative, Inc. (the "Coop" or the "Plaintiff"), by and through its attorneys, Cleveland, Waters and Bass, P.A., and brings this interpleader action, in connection with funds claimed by the Defendants, U.S. Department of Agriculture/Rural Housing Service; New Hampshire Community Loan Fund, Inc., and the Town of Barrington, New Hampshire (collectively, the "Lienholders") and Mary Carlson (the "Debtor") and, collectively with the Lienholders, the "Defendants" as follows:

**Preliminary Statement**

1.      This interpleader matter arises in connection with the foreclosure, pursuant to RSA 205-A:4-a, of a certain manufactured home located at 100 Nuthatch Loop in Barrington, New Hampshire (the "Home"), previously owned by the Debtor, which was located on land owned by the Coop, pursuant to an occupancy agreement. The foreclosure proceeds exceed the lien held by the Coop, including, but not limited to, the costs of the foreclosure ,and those funds (the "Surplus Funds") are now held by the Coop's attorneys and may be subject to claims by the Defendants.

1

Because the Coop cannot determine with certainty who is entitled to claim some or all of the Surplus Funds, the Coop brings this action for interpleader.

### Parties

2.  The Plaintiff, the Coop, is a manufactured housing cooperative organized and operating under the laws of New Hampshire with a principal place of business at 73 Pheasant Lane, in Barrington, New Hampshire.

3.  The Defendant, U.S. Department of Agriculture/Rural Housing Service, is a governmental organization, with a mailing address of P.O. Box 66889, St. Louis, MO 63166.

4.  The Defendant, New Hampshire Community Loan Fund, Inc., is a New Hampshire nonprofit corporation, with a principal place of business at 7 Wall Street in Concord, New Hampshire.

5.  The Defendant, the Town of Barrington, New Hampshire, is a municipal entity with a principal place of business at 333 Calef Highway, in Barrington, New Hampshire.

6.  The Defendant, Mary Carlson, is an individual with a last known address of 100 Nuthatch Loop, in Barrington, New Hampshire.

### Jurisdiction and Venue

7.  Jurisdiction is proper in the New Hampshire Superior Court, pursuant to RSA 491:7; RSA 491:22, and RSA 498:1.

8.  Venue is proper in Grafton County, pursuant to RSA 507:9 and RSA 498:1, because the Plaintiff has a principal place of business in Strafford County, and this matter arises out of real property located in Strafford County.

**Facts Common to All Counts**

9. The Coop owns and operates a manufactured housing park, known as Pepperidge Woods (the "Park").

10. While the Home was owned by the Debtor, it was located in the Park, pursuant to an occupancy agreement and subject to monthly lot rent.

11. The Debtor was eventually evicted from and/or abandoned the Home, pursuant to RSA 205-A:4-a and RSA ch. 540.

12. Following the eviction, the Debtor failed to remove the Home from the Park and failed to pay the lot rent owed.

13. Accordingly, the Coop enjoyed a priority lien against the Home, pursuant to RSA 205-A:4-a, VII.

14. Consequently, pursuant to RSA 205-A:4-a, VII, the Coop commenced a foreclosure sale of the Home.

15. The foreclosure sale was properly noticed, and an auction was held on October 20, 2020, where the Home was sold to the highest bidder. The closing of the sale occurred on November 20, 2020.

16. After satisfying its lien, including, but not limited to, the costs of the foreclosure sale itself, out of the proceeds of the sale, there remained a surplus in the amount of $57,292.45, *i.e.*, the Surplus Funds.

17. Each of the Lienholders has or may have recorded a lien or other claim against the Home, which was subordinate to the Coop's lien.

## Count I – Interpleader

18. The Plaintiff repeats and incorporates by reference all of the facts stated in the above paragraphs as if set forth fully herein.

19. As escrow agent for the foreclosure sale, Cleveland, Waters and Bass, P.A., is holding the Surplus Funds.

20. Each of the Defendants may have a claim against the Surplus Funds.

21. The Coop cannot conclusively determine which of the Defendants' claims is valid and enforceable against the Surplus Funds, or the value of said claims.

22. The Coop disclaims any interest in the Surplus Funds.

23. The Coop may suffer liability or loss if it fails to dispose of the Surplus Funds to the rightful claimants or delivers the incorrect amount to the rightful claimants.

24. Accordingly, the Plaintiff brings this interpleader action to put the Surplus Funds in the custody of the Court and require that the Defendants submit their respective claims to the Surplus Funds as against each other in this action.

25. The Plaintiff is not filing this interpleader action to hinder a just claimant from obtaining its rightful property. Each of the Defendants appears to have a legitimate claim to the Surplus Funds. The Coop has a reasonable basis for being unable to determine the merits of the respective Defendants' claims.

26. As a result, the Plaintiff seeks an order of this Court, allowing the Surplus funds to be deposited into the custody of the Court, and requiring the Defendants to pursue their respective claims or right to the Surplus Funds through this action.

27. The Plaintiff further seeks an award of its attorneys' fees and costs, incurred as a result of bringing this interpleader action. See Manchester Fed. Sav. & Loan Ass'n v. Emery-Waterhouse Co., 102 N.H. 233, 239 (1959).

### Reservation of Rights

28. The Plaintiff hereby reserves the right to amend this Complaint, as future developments may warrant.

WHEREFORE, based on the foregoing, the Plaintiff hereby respectfully requests that this Honorable Court:

A. Issue orders of notice for service upon the Defendants;

B. Issue an order requiring the Surplus Funds to be deposited into the Court;

C. Issue an order requiring the Defendants to interplead and settle among themselves their rights and claims to the Surplus Funds, and discharging the Plaintiff and Cleveland, Waters, and Bass, P.A., of all liability;

D. Award the Plaintiff its attorneys' fees and costs, incurred in bringing this interpleader action; and

E. Grant such other and further relief as justice may require.

Respectfully submitted,

PEPPERIDGE WOODS COOPERATIVE, INC.

By its Attorneys
CLEVELAND, WATERS AND BASS, P.A.

Dated: July 6, 2021

By: /s/ Jeffrey C. Christensen
Jeffrey C. Christensen, Esq. (NH Bar #265308)
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
christensenj@cwbpa.com

4837-1564-6705, v. 1